2022 IL App (1st) 220508

No. 1-22-0508

Opinion filed September 30, 2022.

First Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| PAUL CALUSINSKI, as Independent Administrator of the Estate of Margaret Hostetler, Deceased,<br><br>        Plaintiff-Appellee,<br><br>    v.<br><br>ALDEN-POPLAR CREEK REHABILITATION AND HEALTH CARE CENTER, INC., an Illinois Corporation d/b/a Alden Poplar Creek, and ALDEN MANAGEMENT SERVICES, INC.,<br><br>        Defendants-Appellants. | Appeal from the Circuit Court of Cook County.<br><br>No. 2019 L 9303<br><br>The Honorable Patricia O'Brien Sheahan, Judge Presiding. |

PRESIDING JUSTICE LAVIN delivered the judgment of the court, with opinion.
Justices Hyman and Coghlan concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, Paul Calusinski, as independent administrator of his mother's estate, brought a wrongful death and survival action against defendants, Alden-Poplar Creek Rehabilitation and Health Care Center, Inc., an Illinois Corporation d/b/a Alden Poplar Creek, and Alden Management Services, Inc. Plaintiff alleged that his mother, Margaret Hostetler, suffered and died due to defendants' negligent care and treatment of her at a nursing home. Defendants

subsequently moved to compel arbitration pursuant to an agreement between the parties. The circuit court initially granted defendants' motion but later granted plaintiff's motion to reconsider that judgment, concluding the arbitration agreement was not enforceable as a matter of law because it was substantively unconscionable.

¶ 2    On appeal, defendants argue that the enforceability of the arbitration agreement had to be determined by an arbitrator, not by a court of law, and that the agreement was an enforceable contract in any event. We disagree, and for the reasons that follow, we affirm the circuit court's judgment.

¶ 3                               BACKGROUND

¶ 4    Plaintiff's mother, Margaret Hostetler, now deceased, resided at Alden-Poplar Creek, a long-term care facility operated by Alden-Poplar Creek Rehabilitation and Health Care Center, Inc., between August 2017, and February 2018. Plaintiff, acting under a power of attorney for his mother, entered into an arbitration agreement with Alden-Poplar Creek when his mother was first admitted to the nursing home. At the same time, plaintiff, again acting under a power of attorney for his mother, entered into a separate residential agreement with Alden-Poplar Creek, concerning, among other things, costs and payment related to his mother's care at the home. As will be discussed in more detail below, the arbitration agreement required any claims or disputes brought by plaintiff arising out of his mother's care at the nursing home to be resolved through mediation and/or arbitration. Yet, the agreement permitted the nursing home to litigate claims against plaintiff for nonpayment of nursing home costs in a court of law.

¶ 5    Plaintiff's mother eventually developed an unstageable pressure sore at the nursing home that required debridement. She died shortly thereafter on February 20, 2018.

¶ 6    Plaintiff, as independent administrator of his mother's estate, filed the instant wrongful death and survival action against defendants, alleging that defendants' negligence was the direct and proximate cause of his mother's suffering and death. Defendants thereafter moved to compel arbitration of plaintiff's survival claims, pursuant to the arbitration agreement between the parties. In response, plaintiff argued that the agreement was not enforceable because it was so one-sided in defendants' favor that it was both procedurally and substantively unconscionable. Specifically, plaintiff asserted that the agreement waived his statutory right to attorney fees, as well as his right to a jury trial and a class action suit, among other things.

¶ 7    The circuit court initially granted defendants' motion, concluding that plaintiff's claims fell within the agreement and thus had to be resolved by an arbitrator. The court, however, then allowed additional discovery and ultimately granted plaintiff's motion to reconsider its judgment compelling arbitration in which plaintiff expanded upon his unconscionability arguments. Specifically, plaintiff pointed to his own testimony that, when he signed the arbitration agreement upon his mother's admittance to the nursing home, no explanation was given as to what he was signing or what rights he was waiving and that he was never specifically told that an arbitration agreement was among the documents he had to sign. Furthermore, the nursing home's office manager, Justine Johnson, admitted, among other things, that she did not provide plaintiff with a detailed description of what he was signing, that she did not know what was meant by binding arbitration, that she did not know the difference between arbitration and a jury trial or what statutory damages were available to plaintiff, and that plaintiff was not allowed to make changes to the agreement, which was presented to him on a tablet.

¶ 8    In granting plaintiff's motion to reconsider, the circuit court concluded that the arbitration agreement was substantively unconscionable because it was so one-sided in favor of defendants

and waived plaintiff's right to statutory attorney fees without adequate consideration. The court noted defendants' unilateral ability to select the mediation and/or arbitration service and that defendants could sue plaintiff, while plaintiff could never sue them. Finally, the court exercised its discretion to not sever the offending portions of the arbitration agreement. The court thus denied defendants' request to compel arbitration, and they appealed.

¶ 9                                    ANALYSIS

¶ 10    In this case, the circuit court concluded that the parties' arbitration agreement was substantively unconscionable, and therefore unenforceable, because it waived plaintiff's right to statutory attorney fees without adequate consideration. We agree and proceed in our *de novo* review. See *Bain v. Airoom, LLC*, 2022 IL App (1st) 211001, ¶ 21 (whether an arbitration agreement is enforceable is a question of law, which we review *de novo*).

¶ 11    Like other contracts, an arbitration agreement may be invalidated by state law contract defenses such as fraud, duress, or unconscionability. *Carter v. SSC Odin Operating Co.*, 2012 IL 113204, ¶ 18. An arbitration agreement is "substantively unconscionability" where, as here, the contract terms are so one-sided that they oppress or unfairly surprise an innocent party and there is an overall imbalance in the obligations and rights imposed by the bargain, as well as significant cost-price disparity. *Kinkel v. Cingular Wireless, LLC*, 223 Ill. 2d 1, 28 (2006). And if an arbitration agreement is unconscionable, it is unenforceable. *Hubbert v. Dell Corp.*, 359 Ill. App. 3d 976, 986 (2005).[1]

¶ 12    "Consideration," on the other hand, is the " 'bargained-for exchange of promises or performances, and may consist of a promise, an act or a forbearance.' " *Carter*, 2012 IL 113204,

---

[1]Notably, section 2 of the Federal Arbitration Act (9 U.S.C. § 2 (2000)) provides that arbitration agreements are enforceable *except* on "such grounds as exist at law or in equity for the revocation of any contract."

¶ 23 (quoting *McInerney v. Charter Golf, Inc.*, 176 Ill. 2d 482, 487 (1997), citing Restatement (Second) of Contracts § 71 (1981)). An act or promise that is beneficial to one party while disadvantageous to the other party is sufficient consideration to support a contract. *Id.* As such, the enforceability of plaintiff's promise to arbitrate, rather than to litigate, his claims against defendants and to forego his right to statutory attorney fees is dependent upon whether defendants suffered a detriment, or whether plaintiff received a benefit, in exchange for that promise. *Id.*

¶ 13   Here, plaintiff's survival claims against defendants were premised on violations of the Nursing Home Care Act (Act) (210 ILCS 45/1-101 *et seq.* (West 2018)), which specifically calls for an award of attorney fees if those claims are successful. The Act states that "[t]he licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights *** are violated." *Id.* § 3-602. Yet, the arbitration agreement in this case provided that plaintiff "waive[d] any and all costs and attorney's fees under the Illinois Nursing Home Care Act." A ban of those statutory attorney fees therefore violated Illinois law.

¶ 14   While this violation is not a generally applicable contract defense that negates federal arbitration law, defendants did not give sufficient consideration for plaintiff to waive his right to attorney fees under state law. The arbitration agreement here permitted defendants to litigate claims against plaintiff for nonpayment in a court of law, but it did not allow plaintiff to litigate any claims against defendants in court, and it included a total ban on class action suits. Furthermore, the agreement vested only defendants with the right to choose a substitute mediator and/or arbitrator in the event that the primary mediator was unavailable or rejected the parties' mediation. Finally, the agreement stated that defendants would pay "up to a maximum of $2,000" for the "mediator and/or arbitrator's fees and other reasonable costs associated with

mediation and arbitration" but that any additional costs for mediation and/or arbitration were to be "borne equally by the parties" and that each party was "responsible for their own attorney fees and costs." This is not sufficient consideration given there is no guarantee that defendants would have to pay the entire $2,000 for mediation/arbitration costs, and furthermore, plaintiff could easily incur more than that amount in attorney fees alone.

¶ 15    Defendants nonetheless argue that the issue of whether plaintiff can waive his right to attorney fees must be decided by an arbitrator, not by a court of law. This puts the cart before the horse as it would be futile to arbitrate an issue if the arbitration agreement itself is not enforceable.[2] See, *e.g.*, *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70-71 (2010) (where a party challenges specifically the validity of an agreement to arbitrate, "the federal court must consider the challenge before ordering compliance with that agreement"). Regardless, defendants have not cited any relevant authority to support their claim that only an arbitrator can decide whether plaintiff lawfully waived his right to statutory attorney fees.

¶ 16    Based on the foregoing, we conclude that the parties' arbitration agreement was not enforceable because it waived plaintiff's right to attorney fees under the Act without adequate consideration by defendants. Since we affirm on that basis, we need not address the parties' alternative arguments concerning the enforceability of the arbitration agreement.

¶ 17    Finally, defendants have not shown, or even argued, that the circuit court abused its discretion when it refused to sever the anti-fee provision from the rest of the arbitration agreement, thereby forfeiting the issue. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (stating that "[p]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or

---

[2]To the extent defendants rely on the Seventh Circuit's decision *Carbajal v. H&R. Block Tax Services, Inc.*, 372 F.3d 903, 906 (7th Cir. 2004) in arguing that an arbitrator must decide whether a party can waive its right to attorney fees under state law, this involved ancillary provisions of an arbitration clause, not an entire, stand-alone arbitration agreement, which is the case here.

on petition for rehearing"). Instead, defendants assert that the severability issue must be decided by an arbitrator, not by a court of law. Because plaintiff specifically challenged the validity of the arbitration agreement, however, this ancillary issue was properly determined by the circuit court (see *supra* ¶ 15).

¶ 18                                    CONCLUSION

¶ 19    For the reasons set forth above, we affirm the circuit court's judgment.

¶ 20    Affirmed.

***Calusinski v. Alden-Poplar Creek Rehabilitation & Health Care Center, Inc.*,
2022 IL App (1st) 220508**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2019-L-9303; the Hon. Patricia O'Brien Sheahan, Judge, presiding. |
| **Attorneys for Appellant:** | Johanna L. Tracy and Michael Shacter, of Carden & Tracy, of Chicago, for appellants. |
| **Attorneys for Appellee:** | Michael W. Rathsack, of Park Ridge, and Steven M. Levin and Nicholas J. Emerson, of Levin & Perconti, of Chicago, for appellee. |